## Burwell Harton *against* Henry Scales, Admr. of John Watt.

Note assigned without recourse, assignor liable for fraudulent representations as to solvency of maker.

IN assumpsit by *Harton* against *Scales*, administrator of *Watt*, in the County Court of *Maddison* County, the first count in the declaration sets out, that *Watt*, having in possession the receipt of *W. Saunders* for a Note of *Thomas B. Smith* and *John Leaky* for $500, payable to *Watt* by his written endorsement on the receipt, transferred the same, and his interest in the subject thereof, to the plaintiff; for value by him received from the plaintiff; and then represented to him, that though *Smith* was insolvent, *Leaky* was solvent to satisfy the Note : that plaintiff relying on said representation accepted the transfer, &c. : that said *Leakey* was then and there wholly insolvent, and *Watt* well knew the same : that plaintiff used due and reasonable diligence to collect said sum of money of *Leaky*, who has failed and refused to pay the same, or any part thereof ; and that the plaintiff has not been able to recover any part thereof from the maker, of which *Watt* had notice, &c. : by reason whereof said *Watt* became liable, &c. stating an assumpsit by *Watt*, and by his administrator.

The second count stated the transfer to be in consideration of $500 *in horses*, paid by plaintiff, and the deceit and assumpsit as the first. The third and fourth counts, on *indebitat ass.* and *quant. val.* for horses sold. The defendant plead non assumpsit, and set off. On the trial the plaintiff offered evidence to prove, that at the sale of the horses and transfer of the receipt for the Note, *Watt* represented to plaintiff that *Smith* was insolvent, but that *Leakey*, the other maker, was solvent and able to pay the amount, when in fact he also was insolvent, and well known by *Watt* to be so : that plaintiff was not acquainted with *Leakey's* circumstances, and took the Note on *Watt's* statement of his solvency : to this evidence the defendant objected, on the ground that the receipt and endorsement thereon referred to in the declaration, as follow : viz. " Received of *John Watt* " a Note on *Thomas B. Smith* and *John Leakey*, for five " hundred dollars, executed on 22d *December*, 1817, and due " one day after date : said Note I promise to put in collec- " tion. *January* 24th 1821. W. SAUNDERS." On which was endorsed : " *April* 3d, 1821. I assign over this receipt " to *Burwell Harton*, without recourse on me in any way. " JOHN WATT," had been assigned to the plaintiff, without recourse on the defendant *in any way*, which objection was sustained by the Court ; to which opinion the plain-

tiff excepts, &c.     Verdict and judgment being render- <span>DECEMBER, 1823.</span>
ed for the defendant, the plaintiff sued out a writ of Er-
ror to this Court, and assigned the matter of the bill of <span>Burwell Harton</span>
Exceptions as Error.

<span>v.
Henry Scales,.
Admr. of John
Watt.</span>

Chief Justice *Lipscomb* delivered the opinion of the Court.

The plaintiff has specially averred in his declaration, that in the incipiency of the contract *Watt* fraudulently stated to him that one of the makers of the Note was solvent and able to discharge it, when he well knew that both the makers were insolvent and unable to discharge the Note.     If the action had been founded on the assignment, parol testimony ought not to have been received to contradict it : but from the nature of the charge in the declaration, evidence of the fraud clearly ought to have been admitted.

We are therefore of opinion that the Judge of the County Court erred in rejecting the testimony offered.     The judgment of the County Court must be reversed, and the cause be remanded.